UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-24391-Civ-COOKE/TORRES

BADIA SPICES, INC., a Florida
corporation,

    Plaintiff,

vs.

GEL SPICE COMPANY, INC.,
a New Jersey corporation,

    Defendant.
_____/

## ORDER CLARIFYING APRIL 19, 2017 RULING ON THE PARTIES' MOTIONS FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on (1) Plaintiff Badia Spices, Inc.'s ("Badia") Supplemental Memorandum of Law in Support of Granting Summary Judgment in Favor of Plaintiff on Defendant's Affirmative Defenses and Counterclaims Based on Genericness (ECF No. 112), and (2) Defendant Gel Spice Company, Inc.'s ("Gel") Response to Plaintiff's Supplemental Memorandum of Law Regarding Defendant's Affirmative Defenses and Counterclaims Based on Genericness (ECF No. 114).

## DISCUSSION

On September 13, 2016, Gel moved for summary judgment on Badia's trademark infringement claims on grounds that "Complete Seasoning" and "Sazon Completa" are generic and not entitled to trademark protection, or, alternatively, that there is no likelihood of confusion between Badia's marks and Gel's "Supreme Sazon Complete Mix Seasoning." (ECF No. 50). Badia then cross-moved for summary judgment. (ECF No. 52). I heard oral argument on April 19, 2017 (the "Hearing"), after which I denied both parties' motions from the bench. (ECF No. 110 at 32).

In so ruling, I made several observations regarding the issues in this case. Specifically, I stated:

> Everyone agrees about the factors that I have to use in deciding summary

> judgment on this case and that's the seven factors that the 11th Circuit has enunciated: the strength of the mark, the similarity of the mark, the similarity of the product that the marks represent, the similarity of the parties' retail outlet and customers, the similarity of advertising, and defendant's intent and actual confusion.
>
> Now, in this case, I think – I don't want to say that the Defendants agree, but I think the marketplace would well out that Badia does have the stronger mark in this case. Badia argues that Gel's mark is identical. I'm not going to say that it's identical, but there are – there is evidence that it's sufficiently similar to the Badia mark. And the parties admit that the products are identical or closely related. And they go down the same similarity to parties' trade channels and customers. . . .
>
> I don't think that I have sufficient evidence at this time for the remaining factors, the similarity of advertising, Gel's intent, or the issue of actual confusion.

(*Id.* at 30-31).

At the April 26, 2017 calendar call, Badia suggested it would be helpful for the purposes of settlement and/or trial preparation if I provided "clarification" of my April 19, 2017 ruling, specifically as to whether "the genericness claim is out" or is still an open issue for trial (ECF No. 111 at 2-3). I ordered the parties each to provide a "brief outline of the issue," but cautioned them, "unless you see a solid error of law in their filing that you think somehow might misapprise the Court on how to proceed, I should have enough . . . to go forward." (*Id.* at 4). The parties have filed their respective briefs, which I have reviewed along with the record and relevant legal authorities.

Badia contends "it is implicit in the Court's evaluation of the likelihood of confusion factors that the Defendant's affirmative defenses and counterclaims pertaining to genericness must fail as a matter of law." (ECF No. 112 at 2). Accordingly, Badia concludes, "the Court's rulings with respect to the relevant likelihood of confusion factors, coupled with the Court's acknowledgement of the strength of Badia's Marks during the April 19 summary judgment hearing, compel only one conclusion: that Badia is entitled to summary judgment with respect to the Defendant's alleged counterclaims and affirmative defenses on the genericness issue." (ECF No. 112 at 2). In essence, Badia asserts that my statements at the Hearing were inconsistent with my denial of its motion for summary judgment as to Gel's defenses and counterclaims pertaining to genericness.

Badia misconstrues my statements at the Hearing. My ruling on the parties' motions for

summary judgment were unambiguous: "Defendant and Counterclaimant Gel Spice Company's motion for summary judgment, ECF No. 50, is denied, and Plaintiff's motion No. 52 is denied."[1] (ECF No. 110 at 32). The other statements I made simply reflected my view of the relative strengths and weaknesses of the parties' respective cases, and attempted to focus the parties on what I consider to be the most important issues for trial. They were not, as Badia suggests, separate dispositive rulings.

To be clear, the genericness (or strength) of Badia's marks is still an open issue for trial. As set forth below, it is relevant both to the validity of the marks, and to whether Gel's use of the contested marks is likely to cause confusion. *See* 15 U.S.C § 1114(1)(a); *Dieter v. B & H Industries of Southwest Florida, Inc.*, 880 F.2d 322, 326 (11th Cir. 1989) (discussing elements of proof).

## A. Validity of Badia's Marks

Badia owns federal registrations for its marks, both of which became incontestable under §§ 15 and 33(b) of the Lanham Act, 15 U.S.C. §§ 1065 and 1115(b) in 2009, and thus prior to the development of the Gel mark.[2] The benefit of holding an incontestable mark is that a defendant cannot attack the registration except by way of the defenses enumerated in 15 U.S.C. § 1115(b). *See Park n' Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 196 (1985) (once a mark is incontestable the registration is conclusive evidence of the registrant's exclusive right to use the mark, subject only to the defenses enumerated in the statute). Although § 1115(b) does not enumerate the generic nature of a trademark as a basis for challenging an incontestable mark, a registration is subject to cancellation at any time "if the registered mark becomes the generic name for the goods or services . . . for which it is registered." *Retail Servs., Inc. v. Freebies Publ'g*, 364 F.3d 535, 548 (4th Cir. 2004) (citing 15 U.S.C. § 1064(3)).

The Lanham Act has codified the test for genericness, which is "the primary significance of the mark to the relevant public." 15 U.S.C. § 1064(3). When the relevant public ceases to identify a trademark with the source of a product but instead identifies it as a class of

---

[1] I also denied Gel's Motion for Sanctions (ECF No. 94).

[2] A mark is incontestable "if it has been registered for five years with the Patent & Trademark Office, its holder has filed the affidavit required by 15 U.S.C. §1065(3) with the Patent & Trademark Office, and the Patent & Trademark Office has accordingly declared the mark 'incontestable.'" *Frehling Enter., Inc. v. Int'l Select Group, Inc.*, 192 F.3d 1330, 1336. 11th Cir. 1999).

products, regardless of source, the mark has become generic and is lost as an enforceable trademark. 15 U.S.C. § 1064(3); *Park n' Fly*, 469 U.S. at 194. The "relevant public" is the group of public consumers who purchase or may purchase the goods or services at issue. *Magic Wand, Inc. v. RDB, Inc.*, 940 F.2d 638, 640 (Fed. Cir. 1991).

It is well settled that "[w]hether a term is generic is a question of fact."[3] *Pods Enter., Inc. v. U-Haul Int'l, Inc.*, 2014 WL 12597067, at *1 (M.D. Fla. 2014); *see E.T. Browne Drug Co. v. Cococare Prods., Inc.*, 538 F.3d 185, 192 (3d Cir. 2008) (same); *In re Watts*, 8 F. App'x 967, 968 (Fed. Cir. 2001) (same); *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 840 (9th Cir. 2001) (same); *Thomas & Betts Corp. v. Panduit Corp.*, 138 F.3d 277, 300 (7th Cir. 1998) (same); *Boston Beer Co. Ltd. P'ship v. Slesar Bros. Brewing Co., Inc.*, 9 F.3d 175, 180 (1st Cir. 1993) (same); *American Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1121 (5th Cir. 1991) (same); *Kern's Kitchen, Inc. v. Bon Appetit*, 1988 WL 69137, at *1 (6th Cir. 1988) (same). In *Pods Enterprises, Inc. v. U-Hail International, Inc.*, 2015 WL 1097374 (M.D. Fla. 2015), the court noted that "[c]ourts consider a variety of evidence relevant to the issue of genericness, including dictionary listings, usage in the popular and specialized media, in the military, in patents, and in industry, and usage by competitors, by the holder of the trademark, and by the government." *Id.* at *3.

Here, Gel has offered evidence of, *inter alia*, usage by competitors, usage in the industry, and usage in popular media. *See, e.g.*, ECF No. 50 ¶¶ 13-19. Such evidence is sufficient to create a question of fact as to genericness. *See Natron Corp. v. STMicroelectronics, Inc.*, 305 F.3d 397, 404 (6th Cir. 2002) (party can demonstrate genericness by showing that industry participants use the contested term to denote a type of good, *not* the good associated with the mark holder); *America Online, Inc. v. AT&T Corp.*, 243 F.3d 812, 815 (4th Cir. 2001) (evidence of genericness includes use of the marks on a website "in a manner suggesting their generic character"); *Investacorp, Inc. v. Arabian Inv. Banking Corp. (Investcorp) E.C.*, 931 F.2d 1519, 1523 (11th Cir. 1991) (third-party usage by competitors is relevant to the distinctiveness inquiry).

### B. Likelihood of Confusion

---

[3] Gel bears the burden of establishing that the Badia Marks are generic by a preponderance of the evidence. *See Retail Services, Inc. v. Freebies Publ'g*, 364 F.3d 535, 542 (4th Cir. 2004) ("The presumption of validity flowing from trademark registration, therefore, has a burden-shifting effect, requiring the party challenging a registered mark to produce sufficient evidence to establish that the mark is generic by a preponderance of evidence.").

The Eleventh Circuit considers seven factors to assess whether a likelihood of confusion exists:[4] (1) strength of mark; (2) similarity of mark; (3) similarity of the products the marks represent; (4) similarity of the parties' retail outlets and customers; (5) similarity of advertising; (6) the defendant's intent; and (7) actual confusion. *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 122 F.3d 1379, 1382 (11th Cir. 1997).

With respect to the first factor, the strength of the mark, the Supreme Court has divided marks into five categories of distinctiveness, in increasing order of strength: (1) generic, (2) descriptive, (3) suggestive, (4) arbitrary, or (5) fanciful. *See Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992). The strongest marks are "fanciful," consisting of words or symbols that were invented solely for their use as trademarks. *See Abercrombie & Fitch Co. v. Hunting World, Inc.*, 537 F.2d 4, 11 n.12 (2d Cir. 1976). The weakest marks are generic, referring only "to a class of which an individual service is a member (e.g., 'liquor store' used in connection with the sale of liquor)." *Frehling*, 192 F.3d at 1335. Three factors are relevant to determining the strength of a mark: (1) the distinctiveness of the mark; (2) whether the mark has been declared as "incontestable" under 15 U.S.C. § 1065(3); and (3) the extent of third-party use of the mark. *See Eli Research, LLC v. Must Have Info Inc.*, 2015 WL 5934611, at *4 (M.D. Fla.).

Here, the parties dispute both the distinctiveness of the marks and the extent of third-party usage of the marks. Thus, the parties' contentions as to the weakness or strength of the marks, and therefore the likelihood of confusion between them, involve questions of fact. *See Turner v. HMH Pub. Co.*, 380 F.2d 224, 228 (5th Cir. 1967).

## CONCLUSION

In sum, it is hereby **ORDERED and ADJUDGED** that:

(1) My April 19, 2017 ruling denying the parties' motions for summary judgment stands as is; and

(2) The genericness (or strength) of Badia's marks is still an open issue for trial.

**DONE and ORDERED** in Chambers, in Miami, Florida, this 15th day of May 2017.

---

[4] Because the test for likelihood of confusion is pliant, the relative importance of each factor is determined on a case-by-case basis. *See Jellibeans, Inc. v. Skating Clubs of Georgia, Inc.*, 716 F.2d 833, 840 n.17 (11th Cir. 1983); *see also Custom Mfg. & Eng'g, Inc. v. Midway Servs., Inc.*, 508 F.3d 641, 649 (11th Cir. 2007) (application of multi-factor test "involves an evaluation of the 'overall balance'").

_Marcia G. Cooke_
MARCIA G. COOKE
United States District Judge

Copies provided to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*